UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Louiscreas Akins,<br><br>        Plaintiffs,<br><br>v.<br><br>Thomas Wilson; et al.,<br><br>        Defendants. | Case No. 2:23-cv-01039-JAD-DJA<br><br>**Order** |

      Pro se Plaintiff Louiscreas Akins filed an application to proceed *in forma pauperis*. (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I.**     **Discussion.**

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

      The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271

Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

      Plaintiff's application contains unclear and contradictory information. In response to question 1, Plaintiff lists that she has received no money from any source for the past twelve months. She leaves the portion for her spouse's income blank. Plaintiff also leaves the section regarding income expected next month blank. However, in response to questions 2 and 3, Plaintiff lists her employer as Alarmco and her spouse's employer as Brosman and indicates that until May 15, 2023 she made $3,600 monthly and her spouse currently makes $2,000 monthly. Plaintiff then represents in response to question 4 that her and her spouse have no cash and she leaves the section regarding money in financial institutions blank.

      Plaintiff also leaves questions 6 and 7 blank. Question 7 asks Plaintiff to state the persons who rely on her and her spouse for support. But the Court notes that, included in Plaintiff's initiating documents is a letter signed by her that states that she is "the sole provider of [her] home, and [she] ha[s] 6 kids to provide for." (ECF No. 1-6 at 7).[1]

      Finally, in response to question 8, Plaintiff provides that she spends $2,000 per month on clothing. However, Plaintiff provides no response to question 11 to explain why she cannot pay the costs of this proceeding. Plaintiff also provides no explanation regarding how she pays her

---

[1] Plaintiff has also attached a second application, which appears to be for her spouse, which includes the same deficiencies as Plaintiff's application. (ECF No. 1-1). However, because the Court's Long Form application already includes space for Plaintiff to include her spouse's financial information, a second application is unnecessary.

expenses, which—including her clothing expenses—far exceed her and her spouse's combined income.

Given these contradictions, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application on this Court's Long Form application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that she receives, state the amount she received, and what she expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **September 11, 2023** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis* and its instructions.[2]

DATED: August 10, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.