**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Louiscreas Akins,

    Plaintiff

v.

Alarmco, et al.,

    Defendants

Case No.: 2:23-cv-01039-JAD-DJA

**Order Adopting Magistrate Judge's Report and Recommendation and Dismissing Action**

[ECF No. 7]

    Pro se plaintiff Louiscreas Akins brings this class-action employment-discrimination case against Alarmco and some of its employees.[1] On October 10, 2023, the magistrate judge dismissed Akins's claims with leave to amend by November 29, 2023, and warned her that this case would be dismissed and closed if she failed to file an amended complaint by the deadline.[2] Akins neither filed an amended complaint by that deadline nor moved for an extension of time to do so, so the magistrate judge recommends that this case be dismissed.[3] Akins didn't object to that recommendation by the deadline.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to obey a court order.[5] In determining

---

[1] *See* ECF No. 6.

[2] ECF No. 5 at 4.

[3] ECF No. 7.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9] Because this action cannot proceed until and unless Akins files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources along the way. The circumstances here do

---

[6] *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 543 & n.4 (9th Cir. 2022) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element," i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

not indicate that this case will be an exception: there is no indication that Akins needs additional time nor evidence that she did not receive the court's order.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  **IT IS THEREFORE ORDERED that the magistrate judge's recommendation [ECF No. 7] is ADOPTED and this action is DISMISSED** without prejudice for failure to file an amended complaint in compliance with the court's orders.  **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE**.  If Akins wishes to pursue her claims, she must file a complaint in a new case.

_____
U.S. District Judge Jennifer A. Dorsey
April 11, 2024